IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MINTEL LEARNING TECHNOLOGY, INC, <br><br> Plaintiff, <br> v. <br><br> AMBOW EDUCATION HOLDING, LTD and JIN HUANG, <br><br> Defendants. | CASE NO. 5:11-CV-01504-EJD <br><br> **ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION** |

    Mintel Learning Technology, Inc. ("Mintel") filed this action on March 29, 2011 against Defendants Ambow Education Holding, Ltd. ("Ambow") and its CEO, Jin Huang. Mintel is a citizen of California. Compl. ¶ 2. Ambow is registered in the Cayman Islands and has its principal place of business in China. Id. ¶ 3. Huang is domiciled and resides in China. Id. ¶¶ 7, 10.

    Where there is doubt about the existence of subject-matter jurisdiction over a case, the court should investigate the issue even if the parties have not raised it. Kontrick v. Ryan, 540 U.S. 443, 455 (2004). If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Lack of jurisdiction is presumed until the party asserting jurisdiction proves otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

    Mintel asserts that the court has diversity jurisdiction over this case, but the complaint fails

to adequately plead diversity of citizenship. Mintel alleges that Huang is "domiciled" and "resides" in China, but makes no statement about her citizenship. Allegations of residence do not suffice to establish citizenship for diversity purposes. Martin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957). The pleading defect is more than a technicality: if at the time of filing Huang was a United States citizen domiciled in China, her presence as a defendant would destroy diversity. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828–29 (1989).

The court has taken Mintel's Motion for an Order Authorizing Service Pursuant to FRCP 4(f)(3) (filed July 1, 2011, ECF No. 7) and Ambow's Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(5) (filed July 19, 2011, ECF No. 15) as submitted on the papers. Clerk's Notice, Oct. 5, 2011, ECF No. 39. Establishing jurisdiction over the case is necessary prior to ruling on those motions, so the court must initially resolve the jurisdictional question. The service motions remain under submission.

Plaintiff IS HEREBY ORDERED TO SHOW CAUSE why the case should not be dismissed for lack of subject-matter jurisdiction. Alternatively, the Plaintiff may amend the complaint to perfect its jurisdictional allegations. Either filing must be made within fourteen (14) days of the date of this order. No hearing will be held on this Order to Show Cause unless otherwise ordered by the court.

The court has conducted a review of the procedures of the clerk's office relating to the service of foreign defendants and finds that the procedures direct the clerk to address and dispatch papers pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) when a party so requests. Mailing costs must be borne by the serving party.

**IT IS SO ORDERED.**

Dated:  October 6, 2011

EDWARD J. DAVILA
United States District Judge

2
CASE NO. 5:11-CV-01504-EJD
ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SMJ