IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MINTEL LEARNING TECHNOLOGY, INC., <br><br> Plaintiff, <br> v. <br><br> AMBOW EDUCATION HOLDING, LTD. and JIN HUANG, <br><br> Defendants. | CASE NO. 5:11-CV-01504-EJD <br><br> **ORDER RE SUBJECT MATTER JURISDICTION AND SERVICE** <br><br> [Re: Docket Item Nos. 7, 15, 40] |

Presently before the court are Plaintiff's Motion for an Order Authorizing Service (ECF No. 7), Defendant Ambow's Motion to Dismiss for Insufficient Service (ECF No. 15), and the court's Order to Show Cause (ECF No. 40). As set forth below, the subject matter jurisdiction issue is resolved by dismissing Jin Huang from the action without prejudice and Mintel's service upon Ambow is deemed effective. Both parties' motions are therefore denied as moot, and the order to show cause is discharged.

SUBJECT MATTER JURISDICTION

This court's October 6, 2011 Order to Show Cause alerted Mintel that its complaint fails to establish the citizenship of Defendant Jin Huang, and that the defect threatens the court's jurisdiction over the case. In response to the OSC, Mintel explains that it did not make an allegation of Huang's citizenship because it lacks that information. Mintel requests, however, that the court fill

1
CASE NO. 5:11-CV-01504-EJD
ORDER RE SUBJECT MATTER JURISDICTION AND SERVICE

the hole in the diversity statute into which this case would otherwise fall.

The Supreme Court has twice acknowledged in dicta that the diversity statute does not extend to U.S. citizens domiciled abroad. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 588 (2004); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). That signal has been consistently followed by the circuit and district courts that have confronted the issue. See 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3621 & n.8 (collecting cases). Even the opinion which Mintel cites urging reconsideration of this rule—Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 188 (McKee, J., concurring)—concedes that only the Supreme Court or Congress may revisit this issue. Id. Even if it is not strictly bound by precedent to do so, this court follows the weight of authority in holding that diversity jurisdiction does not attach when one party is a U.S. citizen living in a foreign country.

Since Huang's presence as a defendant puts the court's jurisdiction over the case in jeopardy, Huang will be dismissed from the action without prejudice pursuant to Fed. R. Civ. P. 21. See Grupo Dataflux, 541 U.S. 567, 572–73.

Anticipating this dismissal, Mintel asks the court to certify the "stateless person" issue for immediate appeal pursuant to 28 U.S.C. § 1292(b). Certifying the issue for appeal is inappropriate at this time for at least two reasons. First, any grounds for difference of opinion about the "stateless person" doctrine is not "substantial" under § 1292 because none of the many courts that have considered the issue have concluded that the doctrine should not apply. More importantly, Mintel has not alleged that Huang is a citizen of the United States, but instead argues that it does not know her country of citizenship. An appeal of the question of whether diversity jurisdiction exists over a case where one party is a stateless person would not be ripe on the current record.

Mintel also requests that any statute of limitations against Defendant Huang be tolled. Any tolling issue will be decided if and when a statute of limitations problem arises.

SERVICE OF DEFENDANT AMBOW

Service abroad is governed by the Hague Service Convention in countries that have signed the treaty. Volkswagenwerk Aktiengesellschaft v. Schlunk, 468 U.S. 694, 699 (1988). The Ninth

Circuit has interpreted the treaty to authorize service by international registered mail in the manner prescribed by Fed. R. Civ. P. 4(f)(2)(C)(ii) so long as the destination state has not objected to Article 10(a) of the Convention, which concerns the sending of judicial documents by postal channels. Brockmeyer v. May, 383 F.3d 798, 803 (9th Cir. 2004).

Ambow is registered in the Cayman Islands, a territory of the United Kingdom. The United Kingdom is a signatory to the Hague Service Convention, and it has extended the treaty to cover the Cayman Islands. See Hague Conference on Private International Law – Updated List of Contracting States (status table), http://www.hcch.net/index_en.php?act=conventions.status&cid=17. The U.K. has not objected to Article 10(a) of the Convention. See Hague Conference on Private International Law – United Kingdom Central Authority and Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=278. Indeed, the Brockmeyer case explicitly considered service by post directed at the United Kingdom. 383 F.3d at 806–08.

Ambow moves for dismissal based on insufficient service under Fed. R. Civ. P. 12(b)(5) because process was mailed by Mintel instead of by the clerk as required by Rule 4(f)(2)(C)(ii). Mintel responds that it attempted to have the clerk mail the papers and was rebuffed. Li Decl. (First) ¶ 2, Aug. 19, 2011, ECF No. 33. After Ambow filed the instant motion, Mintel returned to the courthouse and persuaded the clerk to witness a second mailing, though the clerk did not "address[] and send[]" the package herself. Li Decl. (First) ¶¶ 4–5 & Ex. A. Mintel filed the return receipt from the second mailing on September 2, 2011. Li Decl. (Second) Ex. A, Sept. 2, 2011, ECF No. 35. Ambow has received actual notice of the action and has secured representation.

"Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). A prerequisite to such a liberal construction is "substantial compliance" with the rule. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

Rule 4(f)(2)(C)(ii) provides for service by any form of mailing that the clerk addresses and sends and that requires a signed receipt. The evident purpose of the addressing requirement is to ensure the mailing of process arrives with the imprimatur of the court, increasing the likelihood that

3
CASE NO. 5:11-CV-01504-EJD
ORDER RE SUBJECT MATTER JURISDICTION AND SERVICE

the package will be opened and taken seriously. The receipt requirement ensures that process is sent by a mail service reliable enough to guarantee that notice is actually received, and to provide the court with proof of that notice.

Mintel's second attempt at service substantially complied with Rule 4(f)(2)(C)(ii). Indeed, it is not clear what more Mintel could have done to comply with that subsection. Because process was sent (evidenced by the clerk's signed witnessing statement), delivered (evidenced by the return receipt) and received (evidenced by Ambow's appearance), the clerk's error was harmless. Service is deemed effective as of no later than September 2, 2011, the date the return receipt was filed.

ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant Jin Huang is DISMISSED from the action WITHOUT PREJUDICE. Because of Huang's dismissal, Plaintiff's Motion to Authorize Service (ECF No. 7) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Mintel's service upon Defendant Ambow Education Holding, Ltd. is deemed effective as of September 2, 2011, and that Ambow shall answer or otherwise respond to the complaint on or before November 28, 2011. Because Mintel's second attempt at service was effective, Ambow's Motion to Dismiss for Insufficient Service of Process (ECF No. 15) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the court's Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction (ECF No. 40) is DISCHARGED.

IT IS FURTHER ORDERED that a Case Management Conference will be held in this matter at 10:00 a.m. on January 6, 2012.

**IT IS SO ORDERED.**

Dated: November 2, 2011

EDWARD J. DAVILA
United States District Judge

4
CASE NO. 5:11-CV-01504-EJD
ORDER RE SUBJECT MATTER JURISDICTION AND SERVICE